UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re:

RAMIN ZAMANI-ZADEH,                                       No. 20-11939-t7

    Debtor.

TAEKI MARTIN,

    Plaintiff,

v.                                                     Adv. No. 20-1077-t

RAMIN ZAMANI-ZADEH,

    Defendant.

## OPINION

Before the Court is Defendant's motion to compel Plaintiff's responses to interrogatories and requests for production of documents. Being sufficiently advised, the Court concludes that the motion should be granted in part, as set forth herein.

A.     Facts.[1]

For the limited purpose of ruling on the motion, the Court finds:

Plaintiff filed this adversary proceeding on December 30, 2020, seeking a determination that a judgment debt from a civil action in the State of Oregon, County of Multnomah, Case No. 0901-01452 (the "State Court Action") is nondischargeable under 11 U.S.C. § 523(a)(2)(A).

In the State Court Action, Defendant retained counsel and answered but did not appear for trial. Plaintiff did appear, and presented evidence in support of her claims over two days. On May

---

[1] The Court takes judicial notice of its docket in this case. *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) (a court may sua sponte take judicial notice of its docket).

14, 2010, the state court granted Plaintiff a default judgment for $1,001,865.50, plus interest at 9% per year.[2] The state court entered an amended judgment on September 24, 2010. With accrued interest, the current judgment balance is about $2 million.

The Court entered a scheduling order on February 19, 2021, which included a discovery deadline of June 21, 2021, and a pretrial order deadline of August 2, 2021.

On April 26, 2021, Plaintiff filed a motion for summary judgment, arguing that the preclusive effect of the state court judgment entitled her to a nondischargeability judgment under § 523(a)(2)(a). Defendant responded May 17, 2021; Plaintiff replied June 1, 2021.

On May 10, 2021, Defendant served Plaintiff with interrogatories and requests for production. Plaintiff refused to answer the interrogatories or produce documents, stating for most that "Plaintiff objects to this request as any substantive proof for the underlying claim is not relevant because of the preclusive effect of the state court judgment." Plaintiff objected to interrogatories about the State Court Action, stating "Defendant has equal ability to obtain this information by requesting a copy of a recording of the court proceedings." In response to a request to produce trial exhibits, Plaintiff objected, stating "Defendant has equal access to this [sic] documents, and can request them from the records department of the Multnomah County Circuit Court."

On May 24, 2021, the same day Plaintiff served her non-responsive discovery responses, she filed a motion for protective order and a motion to limit discovery. As grounds for her motion for protective order, Plaintiff stated:

---

[2] Plaintiff's out of pocket losses were about $195,000. The balance of the default judgment is for pre-judgment interest (about $35,000), emotional distress damages ($100,000), and treble damages ($671,000). Non-economic damages like emotional distress were not plead. Pre-judgment interest was trebled, apparently.

> [i]n the absence of a protective order terminating all discovery, the scope of discovery should be limited to documents that would have been permissibly discoverable under Oregon law at the time of the trial court case.

The motion was supported by a declaration of Plaintiff's counsel, stating:

> I respectfully request that the court stay any efforts of discovery pending a decision on the motion for summary judgment, which is dispositive.
> Should the [motion for summary judgment] be decided in favor of Plaintiff, any discovery becomes moot.

In support of her motion to limit discovery, Plaintiff's counsel stated in a supporting declaration:

> 1. Any discoverable documents would have a duplicative effect, as the facts at issue were already stated in the trial court judgment. I was the attorney of record for Plaintiff Taeki Martin in the [State Court Action].
> 2. There was ample time to obtain discoverable documents at the time of trial court case, a process which Debtor/Defendant choose [sic] not to engage in.
> 3. The discovery requests are outside the scope of FRCP 26(b)(1) due to the pending motion for summary judgment. Orders should be styed pending a decision of the [m]otion for [s]ummary [j]udgment.
> 4. If the [m]otion for [s]ummary [j]udgment is decided in favor of Plaintiff . . . no discovery should be allowed as [she] is entitled to the preclusive effect of her [s]tate court judgment.

Defendant objected to Plaintiff's discovery motions on June 25, 2021.

On July 30, 2021, the parties submitted their joint pretrial order (PTO) to the Court via email. The PTO has not been entered. Plaintiff's portion of the draft PTO indicates that "Plaintiff does not intend on calling witnesses in this case. Plaintiff relies upon the preclusive effect of the Oregon Judgment."

The Court held a preliminary hearing on the discovery motions on August 9, 2021. After conferring with counsel, the Court held the motions in abeyance pending resolution of the motion for summary judgment.

On August 12, 2021, the Court denied Plaintiff's summary judgment motion. The ruling should have made clear that Plaintiff was obligated to respond to Defendant's written discovery.

The Court held a pretrial conference on September 13, 2021. Defendant advised the Court that Plaintiff had still not responded to his discovery requests, and that he would file motion to compel forthwith.[3] Plaintiff's counsel admitted that he had not responded to the discovery, arguing that it was "moot" because the only existing evidence supporting Plaintiff's nondischargability claim was an audio recording of the State Court Action trial. Plaintiff's counsel told the Court and Defendant's counsel that the recording was the only evidence he would seek to present at trial.

Nevertheless, on September 24, 2021, Plaintiff supplemented her written discovery responses and produced a number of documents. The supplement had the following deficiencies:

- It was not signed by Plaintiff. *See* Rule 33(a)(5);[4]
- In response to interrogatory No. 2, Plaintiff stated that 43 listed people are "potential witnesses." On September and October 25, 2021, however, Plaintiff's counsel represented that he would not be calling any witnesses, but instead wanted to use the state court trial recording, which includes the testimony of 20 of the 43 identified witnesses;
- In response to interrogatory number 3, which asks for the subject matter of each witness's testimony, Plaintiff's sole response was a reference to the state court trial recording;
- In response to the request to produce all evidence introduced at trial in support of the allegation that lease documents in favor of Lease Company of America were forgeries, Plaintiff produced four "trial notebooks." It seems highly unlikely that such a response complied with Rule 34(b)(2)(B);
- In response to the request to produce all evidence introduced at trial in support of the allegation that Defendant engaged in a scheme designed to deprive the Plaintiff of money through artifice, false pretense, and fraud, Plaintiff referred to the four trial notebooks. It seems highly unlikely that such a response complied with Rule 34(b)(2)(B);
- When asked to identify all evidence she will seek to introduce at trial in support of the allegation that the lease documents in favor of Lease Company of America were forgeries, if such evidence was not introduced at the state court action, Plaintiff replied that she will produce the recording of the state court trial and additional evidence "once identified." On October 25, 2021, however, Plaintiff's counsel admitted that he will rely entirely and solely upon the recording of the state court trial. Counsel repeatedly told the Court: "That's all I've got";

---

[3] The motion to compel was filed the same day.
[4] "Rule" refers to a Federal Rule of Civil Procedure. Rules 26 and 37 are made applicable in this proceeding by the Federal Rules of Bankruptcy Procedure 7026 and 7037.

- In response to five other interrogatories asking Plaintiff to identify evidence she will introduce at trial in support of specific allegations, Plaintiff responded with "Please see response to Interrogatory No. 8." This response does not comply with Rule 33. Among other deficiencies, Plaintiff's response to Interrogatory No. 8 does not identify any documents, just a recording of trial testimony.

B.    <u>Defendant's Motion to Compel and for Attorney Fees and Sanctions</u>.

Based on Plaintiff's initial refusal to answer to Defendant's written discovery and her subsequent inadequate responses, Defendant seeks an order compelling Plaintiff to respond fully to the pending written discovery. Defendant also seeks award of attorney fees pursuant to Rule 37(a)(5) and sanctions against Plaintiff and her counsel pursuant to Rules 37(c) and (d). The requested sanctions include barring Plaintiff from using the 2010 audio recording at trial of this adversary proceeding.

C.    <u>An Order Compelling Discovery</u>.

Rule 37(a) provides in relevant part:

(a) Motion for an Order Compelling Disclosure or Discovery.
    (1) In General. On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.
. . . .
    (3) Specific Motions.
. . . .
        (B) To Compel a Discovery Response. A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if:
. . .
            (iii) a party fails to answer an interrogatory submitted under Rule 33; or
            (i) a party fails to produce documents or fails to respond that inspection will be permitted – or failes to permit inspection – as requested under Rule 34.
. . . .
    (4) Evasive or Incomplete Disclosure, Answer, or Response. For purposes of this subdivision (a), an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond.

An order compelling discovery is warranted here. Plaintiff's counsel withheld discovery and sought a protective order on the assumption that her motion for summary judgment would be granted.[5] By so doing, Plaintiff took the risk that she might have to pay Defendant's attorney's fees if the summary judgment motion was denied. *See* Rule 26(c)(3).[6] It was. More to the point, once the Court denied her summary judgment motion, Plaintiff should have supplemented her discovery responses promptly, fully answering all interrogatories and producing all requested documents in her possession. She did not.

The Court will order Plaintiff to further supplement her discovery responses to address the deficiencies discussed in this opinion. The specific supplementation requirements will be outlined in the order.

D. <u>Payment of Expenses</u>.

Defendant asks for an order requiring Plaintiff and Plaintiff's counsel to pay his reasonable expenses incurred in bringing the motion to compel. Rule 37(a)(5) provides:

> (5) Payment of Expenses; Protective Orders.
> (A) *If the Motion is Granted (or Disclosures or Discovery is Provided After Filing)*. If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:

---

[5] Plaintiff's cursory discovery motions were timely but lacked substance. *See, e.g., See Valdez v. N.M Human Serv's Dept.*, 2005 WL 8163647, *2 (D.N.M.) ("mere filing of a dispositive motion does not warrant the issuance of a stay of discovery," quoting Moore's Federal Practice, § 26.105[3][c]); *Velasquez v. Frontier Med. Inc.*, 229 F.R.D. 197, 200 (D.N.M. 2005) (party seeking protective order must show good cause, supported by a particular and specific demonstration of fact as distinguished from conclusory statements).

[6] Rule 26(c)(3) provides: "Awarding Expenses. Rule 37(a)(5) applies to the award of expenses." "Rule 26(c)(3) applies the provisions of Rule 37(a)(5)(A), (B) to the grant or denial of a motion for protective orders." *T-M Vacuum Products, Inc. v. Taisc, Inc.*, 2008 WL 5082413, at *5 (S.D. Tex.), quoting *Rose v. First Colony Community Servs. Ass'n, Inc.,* 199 F.3d 440 (5th Cir. 1999).

(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
(ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
(iii) other circumstances make an award of expenses unjust.

In *Centennial Archaeology, Inc. v. AECOM, Inc.*, 688 F.3d 673 (10th Cir. 2012), the Tenth Circuit held:

> Fed.R.Civ.P. 37 contains two separate provisions that allow, and often require, the district court to award attorney fees for discovery misconduct. Under Rule 37(a)(5) the district court must ordinarily order a party to pay the opposing party's reasonable expenses, including attorney fees, incurred in filing or opposing a discovery motion if the opposing party's discovery motion is granted, the party provided discovery only after a motion to compel was filed, or the party's discovery motion was denied. *See* Fed.R.Civ.P. 37(a)(5)(A), (B); *id.* 26(c)(3). Rule 37(b) requires the district court ordinarily to order a party that has failed to obey a discovery order "to pay the reasonable expenses, including attorney's fees, caused by the failure." *Id.* 37(b)(2)(C).

688 F.3d at 678. The court also observed:

> As stated in the 1970 advisory committee's note to Rule 37(a)(4):
> [T]he rules should deter the abuse implicit in carrying or forcing a discovery dispute to court when no genuine dispute exists. And the potential or actual imposition of expenses is virtually the sole formal sanction in the rules to deter a party from pressing to a court hearing frivolous requests for or objections to discovery.

*Id.* at 680. "The rule provides that a court shall require the party whose conduct necessitated the motion to pay the other party's expenses and fees unless the failure to respond was substantially justified or an award of expenses would otherwise be unjust." *Baker v. Sizzling Platter, Inc.*, 2007 WL 4302926, at *3 (D. Utah 2007). *See also Armijo v. Intel Corp.*, 2007 WL 5232455, at *3 (D.N.M.) (awarding fees under Rule 37(a)).

Defendant was forced to file a motion to compel Plaintiff to respond to his written discovery. It was not until two weeks after Defendant filed the motion (and six weeks after Plaintiff's summary judgment motion had been denied) that Plaintiff supplemented her discovery

responses. Worse, when Plaintiff finally did supplement, her supplemental responses were inadequate or misleading. For example, Plaintiff disclosed 43 potential trial witnesses two weeks after her counsel told the Court that he would not be calling *any* witnesses. At the pretrial conference, Plaintiff's counsel stated that Plaintiff would not be introducing any exhibits at trial. Her supplemental interrogatory responses are inconsistent with that. Overall, the supplemental responses are too little, too late, and too inaccurate. They give every appearance of a cavalier indifference to Plaintiff's discovery obligations in this two million-dollar nondischargeability proceeding.

Both because the Court will order Plaintiff to further supplement her discovery responses and because Plaintiff first attempted to respond to Defendant's written discovery after the motion to compel was filed, attorney fees must be awarded under Rule 37(a)(5). Defendant's counsel should file an affidavit within ten days from the date hereof, disclosing the number of hours he spent drafting and arguing the motion to compel. If view of the fact that Plaintiff's counsel, rather than Plaintiff, is responsible for the discovery responsesthe Court will order Plaintiff's counsel to pay the fees.[7]

E. Rule 37(c).

Defendant also seeks relief under Rule 37(c), which provides:

> (1) Failure to Disclose or Supplement. If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:

---

[7] The Court would be willing to revisit this issue if Plaintiff's counsel shows that Plaintiff has had an active role in discovery decision-making. The impression given by counsel's remarks during this adversary proceeding is that he has very little, if any, contact with Plaintiff and seems to be making all the decisions. It is not clear Plaintiff is even aware of this proceeding.

-8-
Case 20-01077-t    Doc 32    Filed 11/19/21    Entered 11/19/21 13:54:05 Page 8 of 11

(A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
(B) may inform the jury of the party's failure; and
(C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Defendant asks, as a Rule 37(c) sanction, that all of Plaintiff's proposed evidence be excluded because it was not timely disclosed. The Court will deny this request. The Court does not find, all things considered, that the delay in disclosing the trial audio recording is sanctionable. The delay until August 12, 2021 (the date the Court denied Plaintiff's summary judgment motion) was excusable: the pending summary judgment motion was colorable and the Court did not have a major concern about staying discovery until it had ruled. In contrast, the delay from August 12 until September 13, 2021, was not excusable; Plaintiff should have supplemented promptly and fully. Nevertheless, the six-week delay was not prejudicial to Defendant.

As set forth in the Court's opinion on the admissibility of the recorded testimony from the State Court Action trial, the Court will allow introduction of Plaintiff's recorded testimony. The audio recording of the other trial witnesses will not be allowed, although not as a Rule 37(c) sanction. According to Plaintiff's counsel, Plaintiff will not seek to introduce any other evidence at trial.

Defendant's request for Rule 37(c) sanctions will be denied, without prejudice, however, to Defendant's right to ask for such sanctions if Plaintiff's discovery responses indicate that Plaintiff proposes to call "live" witnesses or introduce trial exhibits, neither of which has been disclosed to date.

F. <u>Rule 37(d)</u>.

Rule 37(d) provides:

(1) In General.

(A) Motion; Grounds for Sanctions. The court where the action is pending may, on motion, order sanctions if:

. . . .

(ii) a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response.

. . . .

(2) Unacceptable Excuse for Failing to Act. A failure described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c).

(3) Types of Sanctions. Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Defendant cites to Rule 37(d) in the title of his motion to compel and in the prayer for relief. Otherwise, the rule is not mentioned or argued. The Court concludes that sanctions under Rule 37(d) are not justified. Plaintiff did file a motion for protective order under Rule 26(c), albeit an inadequate one, and did eventually answer Defendant's interrogatories, although again inadequately.

## Conclusion

The Court will order Plaintiff to correct the deficiencies of her current discovery responses and will order Plaintiff's counsel to reimburse Defendant for his expenses incurred filing and arguing the motion to compel. The motion will be denied in all other respects.

_____
Hon. David T. Thuma
United States Bankruptcy Judge

Entered: November 19, 2021
Copies to: Counsel of record