UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re:

RAMIN ZAMANI-ZADEH,　　　　　　　　　　　　　　　　　　　　No. 20-11939-t7

　　　Debtor.

TAEKI MARTIN,

　　　Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Adv. No. 20-1077-t

RAMIN ZAMANI-ZADEH,

　　　Defendant.

## **OPINION**

　　　Before the Court is Plaintiff's request to use as trial evidence an audio recording of a 2010 state court trial. Defendant, who did not attend the trial, objects. Being sufficiently advised, the Court concludes that Plaintiff's recorded testimony is admissible at the trial of this adversary proceeding. Recorded testimony of witnesses other than Plaintiff is not admissible.

A.　　Facts.[1]

　　　For the limited purpose of ruling this issue the Court FINDS:

　　　In this adversary proceeding Plaintiff seeks a determination that a judgment debt from an action in the State of Oregon, County of Multnomah, Case No. 0901-01452 (the "State Court Action") is nondischargeable under 11 U.S.C. § 523(a)(2)(A).

---

[1] The Court takes judicial notice of its docket in this case. *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) (a court may sua sponte take judicial notice of its docket).

Plaintiff filed the State Court Action in January 2009 against Defendant and four corporations or limited liability companies owned by him. Plaintiff asserted claims for financial abuse of a vulnerable person, Or. Rev. Stat. (ORS) §§ 124.100 and 124.110,[2] conversion, and unlawful corporate distributions. She sought damages of $1,048,862.60. Defendant retained counsel, answered the "First Amended Complaint,"[3] but failed to appear for trial.

In Defendant's absence at trial, Plaintiff presented evidence over two days in support of her claims. On May 14, 2010, the state court granted Plaintiff a default judgment for $1,001,865.50, plus interest at 9% per year.[4] The state court entered an amended judgment on September 24, 2010. With accrued interest, the current judgment balance is about $2 million.

Defendant filed his chapter 7 bankruptcy case on October 7, 2020. Plaintiff filed this adversary proceeding on December 30, 2020.

On April 26, 2021, Plaintiff filed a motion for summary judgment, arguing that the preclusive effect of the state court judgment entitled her to a nondischargeability judgment under § 523(a)(2)(a). Defendant responded May 17, 2021; Plaintiff replied June 1, 2021.

On May 10, 2021, Defendant served Plaintiff with interrogatories and requests for production. Plaintiff refused to answer the interrogatories or produce documents, stating for most that "Plaintiff objects to this request as any substantive proof for the underlying claim is not relevant because of the preclusive effect of the state court judgment." Plaintiff objected to

---

[2] "Financial abuse" arises "[w]hen a person wrongfully takes or appropriates money or property of a vulnerable person, without regard to whether the person taking or appropriating the money or property has a fiduciary relationship with the vulnerable person." ORS § 124.110(1)(a). Plaintiff was a "vulnerable person" because she was over the age of 65. ORS § 124.100(1)(a), (e)(A).
[3] The first amended complaint is not in the record.
[4] Plaintiff's out of pocket losses were about $195,000. The balance of the default judgment is for pre-judgment interest (about $35,000), emotional distress damages ($100,000), and treble damages ($671,000). Non-economic damages like emotional distress were not pled. Pre-judgment interest was trebled, apparently.

interrogatories about the State Court Action, stating "Defendant has equal ability to obtain this information by requesting a copy of a recording of the court proceedings." In response to a request to produce trial exhibits, Plaintiff objected, stating "Defendant has equal access to this [sic] documents, and can request them from the records department of the Multnomah County Circuit Court." On the same day Plaintiff served her non-responsive discovery responses, she filed a motion for protective order and a motion to limit discovery.

The Court denied Plaintiff's motion for summary judgment on August 12, 2021. By September 13, 2021—more than a month after the Court denied her summary judgment motion—Plaintiff had still not supplemented her discovery responses. Defendant was forced to file a motion to compel.

At a pretrial conference on September 13, 2021, Plaintiff's counsel informed the Court and Defendant's counsel that he would seek to admit the recording of the State Court Action default trial at a trial of this adversary proceeding. Plaintiff had never before disclosed her intention to seek admission of the recording. Plaintiff's counsel stated at the pretrial conference that the recording was, in fact, the only evidence that Plaintiff could or would seek to present at trial.

The recording includes the testimony of twenty witnesses, including Plaintiff and at least one expert—a now-deceased expert in handwriting. Other witnesses included bank employees and vendors former employees from Plaintiff's and Defendant's failed restaurant venture. The witnesses' testimony provided foundation and authentication of numerous documents admitted at the default trial.[5]

---

[5] Plaintiff has not sought permission to introduce any of the 2010 trial exhibits into evidence at trial of this adversary proceeding.

The Court instructed the parties to brief the issue whether the audio recording was admissible. They timely did so, and the Court held a final hearing on the admissibility issue on October 25, 2021.

B.   Fed. R. Evid. 804(b)(1).

Plaintiff cites Federal Rule of Evidence ("FRE") 804(b)(1)[6] in support of her request to introduce the recording of the entire state court trial at the trial of this adversary proceeding. The rule provides in part:

> **(a) Criteria for Being Unavailable.** A declarant is considered to be unavailable as a witness if the declarant:
> . . . .
> (4) cannot be present or testify at the trial or hearing because of death or a then-existing infirmity, physical illness, or mental illness;
> . . . .
> **(b) The Exceptions.** The following are not excluded by the rule against hearsay if the declarant is unavailable as a witness:
> (1) Former Testimony. Testimony that:
> (A) was given as a witness at a trial, hearing, or lawful deposition, whether given during the current proceeding or a different one; and
> (B) is now offered against a party who had--or, in a civil case, whose predecessor in interest had--an opportunity and similar motive to develop it by direct, cross-, or redirect examination.

FRE 804(a) and (b)(1).

In support of her position on admissibility, Plaintiff filed two affidavits: (1) the Declaration of Ivan Karmel, to which was attached certain of Plaintiff's recent medical records; and (2) the "Declaration of Eden Taylor," an unidentified person who once may have worked in Mr. Karmel's office. Ms. Taylor avers that she attempted to contact "every witness on the court's witness list"

---

[6] Although Plaintiff also cites FRE 402 (providing that relevant evidence is admissible unless otherwise prohibited by the rules of evidence) and 1002 ("[a]n original . . . recording . . . is required in order to prove its content unless" the rules of evidence provide otherwise), the primary question is whether the audio is admissible over a hearsay objection. Defendant does not object to its admissibility on relevance or "best evidence" grounds. *See, e.g. United States v. Chavez*, 976 F.3d 1178, 1200 (10th Cir. 2020) (FRE 1002 is commonly known as "the best evidence" rule).

who testified at the 2010 default trial. Attached to Ms. Taylor's declaration is a list of twenty names and phone numbers, together with cursory notes about her largely fruitless[7] attempts to reach the listed people.

C.     <u>The 2010 Trial Testimony of Witnesses Other Than Plaintiff is Not Admissible</u>.

Plaintiff's counsel conceded at the October 25, 2021, hearing that he had not proven the unavailability, for FRE 804(b)(1) purposes, of the witnesses other than Plaintiff who testified at the 2010 default trial. Based on that concession, no portion of the recorded testimony of these witnesses will be admitted at trial.[8]

D.     <u>Plaintiff's 2010 Recorded Trial Testimony is Admissible</u>.

1.     <u>Plaintiff is Unavailable</u>. At the final hearing on the admissibility issue, Defendant's counsel conceded that Plaintiff will not be available to testify at trial because she is suffering from dementia and memory loss.

2.     <u>Plaintiff's Testimony Was Given Under Oath</u>. Rule 804(b)(1) requires the "former testimony [to] have been given under the sanction of an oath or affirmation[.]" 2 McCormick on Evidence § 302 (8th ed.). Plaintiff's testimony at the 2010 default trial was given under oath.

3.     <u>Defendant Had the Opportunity to Cross Examine Plaintiff</u>. Rule 804(b)(1)(B) requires that Defendant have had the opportunity to cross-examine Plaintiff at the 2010 default trial. Plaintiff argues that Defendant had the opportunity because he could have appeared at trial.

---

[7] For example, Ms. Taylor's notes about Dawn Murakami are: "called 9/23/21: No longer works here, no one knows them." Regarding Erin Boyle, Ms. Taylor notes: "called 9/23/21: left voicemail. She called back 9/27/21: Doesn't remember." And re: Ed Garabedia, she notes: "called 9/23/21: busy tone twice[.]"

[8] Ms. Taylor did not testify at the hearing. As affidavits cannot be used in lieu of live testimony at evidentiary hearings, Ms. Taylor's absence meant that Plaintiff would not have been able to prove the unavailability of the other witnesses. This evidence problem was rendered moot by Plaintiff's concession.

Defendant disagrees, asserting that his absence from that trial deprived him of any "meaningful" opportunity to cross-examine Plaintiff. Neither party has cited, nor has the Court's research uncovered, a case similar to this one—i.e., testimony from a default trial in a civil case is offered against the defaulting defendant in a subsequent civil proceeding.

There is support for Defendant's position in criminal procedure. In *U.S. v. Deeb*, 13 F.3d 1532, 1535-36 (11th Cir. 1994), Mr. Deeb was one of six defendants scheduled to stand trial for cocaine distribution and related charges. Mr. Deeb failed to appear for trial. The other defendants appeared and the trial proceeded against them. A Mr. Biamby testified at the trial. Mr. Deeb was later apprehended and tried separately. The government sought, pursuant to Rule 804(b)(1), to use Mr. Biamby's testimony from the first trial against Mr. Deeb in his later trial (by the time of Mr. Deeb's trial, Mr. Biamby was dying of AIDS and had progressive memory deterioration). Mr. Deeb objected, arguing that he did not have an opportunity to cross examine Mr. Biamby. The district court overruled the objection, but was reversed on appeal. The Eleventh Circuit, relying on *Crosby v. United States*, 113 S. Ct. 748) (1993),[9] held that "it would be impossible to impute to a defendant the knowledge that by fleeing before trial, he had waived his right recognized by Rule 804(b)(1) to cross-examine the witnesses against him." *Id.*; *see also U.S. v. Battle*, 473 F. Supp. 2d 1185, 1194 n.5 (S.D. Fla. 2006) (apparently excluding prior testimony of a witness in the same grounds).

---

[9] In *Crosby* the Supreme Court "unanimously held that Fed. R. Crim. P. 43 prohibits the trial *in absentia* of a defendant not present at the beginning of the trial, because the Court was unwilling to impute to a defendant who flees before trial the knowledge that he was waiving his right to be present at trial." *Deeb*, 13 F.3d at 1535.

*Deeb* and *Battle* do not apply in civil litigation, however. In a civil case the right of confrontation guaranteed by the Sixth Amendment is not implicated.[10] Further, unlike the rules of criminal procedure, the rules of civil procedure allow a party to choose whether to appear at trial or default. In the latter event a civil trial, unlike a criminal trial, may proceed. Defendant waived his right to cross-examine Plaintiff when he decided not to appear at trial. Without the significant protections of the Sixth Amendment and Fed. R. Crim. P. 43, the Court concludes that Defendant had a meaningful opportunity for cross-examination.

This conclusion is consistent with the principle embodied in Rule 804(b)(1)(B),[11] which "has always been understood as requiring, not necessarily an actual cross-examination, but merely an opportunity to exercise the right to cross-examine if desired." 5 Wigmore, Evidence § 1371 at 55–56 (Chadbourn rev. 1974).

> The reason is that, wherever the opponent has declined to avail himself of the offered opportunity, it must be supposed to have been because he believed that the testimony could not or need not be disputed at all or be shaken by cross-examination. In having the opportunity and still declining, he has had all the benefit that could be expected from the cross-examination of that witness. This doctrine is perfectly settled.

*Id.*

---

[10] "The Sixth Amendment's Confrontation Clause provides that, in all criminal prosecutions, the accused shall enjoy the right to be confronted with the witnesses against him." *Crawford v. Washington*, 541 U.S. 36, 42 (2004). "Rule 804(b)(1) implements the command of the Sixth Amendment's Confrontation Clause." 7 Handbook of Fed. Evid. § 804:1 (9th ed.); *accord Crawford*, 541 U.S. at 53-54 (the Sixth Amendment bars "admission of testimonial statements of a witness who did not appear at trial unless he was available to testify and the defendant had a prior opportunity for cross-examination").

[11] "The Sixth Amendment's Confrontation Clause provides that, in all criminal prosecutions, the accused shall enjoy the right to be confronted with the witnesses against him." *Crawford v. Washington*, 541 U.S. 36, 42 (2004). Thus, in criminal cases, "[t]he prosecution may not offer proof of a prior statement that is testimonial in nature unless (1) the accused has had, will have, or has forfeited the opportunity to 'be confronted with' the witness who made the statement, and (2) the witness is unavailable to testify at trial." *United States v. Yida*, 498 F.3d 945, 950 (9th Cir. 2007) (citing *Crawford*).

> The rationale for this aspect of the Rule rests primarily upon estoppel principles. Whenever a party . . . fails or refuses to take the opportunity to test the testimony of a witness, it is presumed to have been because the party believed that the testimony could not or need not be disputed. It is not unfair to make a party who [forgoes] cross examination suffer the consequences. . . . Factors affecting the opportunity requirement with regard to testimonial evidence include (i) the nature of the former tribunal or hearing, i.e., whether the rules of the forum or the scope of the inquiry furnished adequate opportunity to cross-examine; (ii) notice to the opponent as affecting the opportunity to prepare for any cross-examination; and (iii) the course of the cross-examination itself, and whether it furnished only an incomplete opportunity to test the witnesses sincerity, narrative ability, perceptive ability, and memory.

Weissenberger's Federal Evidence, § 804.12 (7th ed.).

Defendant's failure to cross-examine Plaintiff is a circumstance of his own making. It would be unjust to exclude Plaintiff's otherwise unavailable testimony in this case because of Defendant's voluntary non-appearance in 2010. To do so would effectively eliminate Plaintiff's ability to prove her nondischargeability claim. Fairness demands that Defendant, rather than Plaintiff, bear the burden of his decision to not attend the state court trial.

4. <u>Plaintiff Had a Similar Motive</u>. Finally, Defendant argues that the "similar motive" element of Rule 804(b)(1)(B) is not satisfied. Defendant asserts that his decision to default

> did not foreclose the possibility that he could file bankruptcy to discharge the judgment for less expense than defending against the allegations. Having now filed bankruptcy, Defendant possesses a strong motive to defend against Plaintiff's allegations and participate in this proceeding.

Thus, Defendant argues that the motives are not similar because the adverse financial consequences are greater in this adversary proceeding than they were in the State Court Action.

The argument must be overruled. "[T]he issue in the prior proceeding (hence, the purpose for which the testimony was offered) must have been such that the present opponent had an adequate motive to test and further develop the prior testimony now offered." Weissenberger's

Federal Evidence, § 804.15 (7th ed.). "Different causes of action, additional issues, or a shift in theory are of no substantive consequence . . . and should not defeat admissibility." *Id*.

The complaint in the State Court Action was for, inter alia, financial abuse of a vulnerable person and conversion. Defendant was aware that Plaintiff sought treble damages; the complaint mentioned a damages figure of $1,048,862.60. The serious claims and large damages figure easily satisfy the "similar motive" requirement of Rule 804(b)(1)(B). *See* Weissenberger's Federal Evidence, § 804.14 ("The 'similar motive' element of Rule 804(b)(1) is more expansive than the common-law identity of issues doctrine.").

While Defendant's motivation to defend the State Court Action may have been reduced somewhat by the escape hatch of bankruptcy, Defendant must have been aware that bankruptcy is a burden and a last resort, not a panacea. This proceeding demonstrates that. A favorable judgment in the State Court Action would have been far preferable to filing this bankruptcy case.

Defendant had a strong motive in the State Court Action to cross-examine Plaintiff and develop facts favorable to his position. He chose not to do so, but that does not mean that the motive was lacking. Defendant made the tactical decision (and perhaps a tactical error) not to appear, but the motivation was there.

Having satisfied all of the requirements of FRE 804(b)(1) with respect to Plaintiff's testimony at the 2010 trial, the Court will admit her testimony into evidence at trial of this adversary proceeding.

## Conclusion

Plaintiff's recorded testimony from the 2010 default trial in the State Court Action will be allowed into evidence at the trial of this adversary proceeding. Recorded testimony of the other witnesses will not be.

_____

Hon. David T. Thuma
United States Bankruptcy Judge

Entered: November 19, 2021

Copies to: Counsel of record